NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN S. CARTWRIGHT, PETITIONER, v. INDEPENDENT PRESS, INC., RESPONDENT.

Decided April 5, 1941.

For the petitioner, *Robinson & Morris.*

For the respondent, *George E. Meredith.*

\*     \*     \*     \*     \*     \*     \*

The petitioner testified in his own behalf. He testified that he had worked for a number of years prior to November, 1939, as a linotype operator for the *Newark Star Eagle,* and when that company abandoned its business, he started in business on his own as a linotype machine repairman.

Since November, 1939, the petitioner has built up a business to the point where he now has twenty or more business firms for whom he does work as the occasion requires. He has business cards which show his telephone number, and he receives calls from these various firms usually by telephone.

It further appears from the testimony that the petitioner had been called on six or eight occasions prior to his accident by this respondent, and that he has also done work for this respondent ten or twelve times since then.

It appears further that two or three days prior to the date of his accident he received a telephone call from the respondent company requesting that he make certain changes or repairs on a machine used by the respondent. He went to the plant of the respondent, inspected the machine, recommended the purchase of certain parts that would be required

to do the job and he then ordered the parts from a concern in Brooklyn and arranged to have them delivered at the plant of the respondent. Upon their delivery he reported to the plant of the respondent and worked all day until about seven in the evening at which time he met with his accident. During the entire afternoon from noon until seven P. M. he was alone in the plant except for a watchman.

The petitioner testified that he brought his own tools to the job as a rule, and did so on this occasion, and further, that he usually borrowed or used the larger tools of the respondent as the occasion arose. He stated that his work was not supervised, but that the defect was merely pointed out to him and from that point on it was his problem to make the necessary repairs so that the machine would run properly.

It also appears from the petitioner's testimony that it was his custom to bill the various companies including this respondent on an hourly basis, and in this particular instance he mailed a bill to the respondent after his work was completed, and thereafter received a check by mail for the work that he had done.

With this testimony the petitioner rested, and the respondent by its attorney moved for a dismissal of the petition on the ground that the petitioner was an independent contractor, or in the alternative, a casual employe.

I have carefully considered the argument of counsel, and I conclude that the motion should be granted.

The testimony indicates that the petitioner is engaged in a highly specialized trade, and that his services are required when a machine needs repairs, or alterations to meet a new problem which may arise in this particular industry.

While the respondent leans to the theory that the petitioner was an independent contractor, I find it unnecessary to pass on that ground for dismissal because it is my conclusion that the petitioner at the time of his accident was a casual employe.

There is nothing in the testimony before me to indicate that the petitioner's employment was regular, periodic, or recurring, which is the rule to be applied if the services were rendered while performing work not in connection with the business of the employer. It is apparent from the evidence

that this employer was not engaged in the business of repairing machines, he was engaged in a printing business.

The test to be applied if the work was done in connection with the employer's business is whether the occasion for the services arose by chance or was purely accidental. From the testimony I find that the occasion for the petitioner's services on the date in question arose by chance. Certain conditions arose in the respondent's business which made necessary repairs or alterations to meet a particular situation. The petitioner was called in to make these repairs or alterations, and while so doing he met with his accident.

Accordingly, from the evidence adduced, I find as a fact that the petitioner was a casual employe. In view of the provisions of *R. S.* 34:15-36; *N. J. S. A.* 34:15-36, I find that the petitioner was not an employe of the respondent at the time of his accident, and is, therefore, not entitled to the benefits of the act.

It is, * * * ordered that the petition be and the same is hereby dismissed, without cost to either party.

HARRY S. MEDINETS,
*Deputy Commissioner.*